United States District Court
Southern District of Texas
**ENTERED**
July 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLIAN GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-5145 |
| | § | |
| CHERYL MONGO, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Khadija Darr's Motion to Dismiss (Document No. 16); Defendant Marquis Jones' Motion to Dismiss (Document No. 41); and Federal Defendants' Motion to Dismiss (Document No. 42). Having considered the motions, submissions, and applicable law, the Court determines that each pending motion should be granted.

## I. BACKGROUND

This is a matter arising out of the Fair Housing Act of 1968. *Pro se* Plaintiff Lillian Gonzalez ("Gonzalez") alleges that she was stalked and subsequently assaulted during her tenancy at Southlawn Palm Apartments, located at 7006 Scott Street, Houston, TX 77021 ("the Premises"). Gonzalez contends that Defendants Cheryl Mongo ("Mongo"), Marcus Jones ("Jones"), Khadija Darr ("Darr"), Christina Lewis ("Lewis"), and Ruth Lindsey ("Lindsey), individually and in their various official capacities, failed to keep the Premises safe during her tenancy there, resulting in safety risk and emotional distress to herself and her minor child.

Based on the foregoing, on December 30, 2024, Gonzalez filed suit, *pro se,* in this Court pursuant to federal question jurisdiction alleging violations of the Eighth Amendment, Federal Fair Housing Act of 1968, the Violence Against Women's Act ("VAWA"), due process rights under the Fourteen Amendment, and a variety of state law claims. Gonzalez requests both injunctive relief and damages.[1] On March 28, 2025, Gonzalez filed an amended complaint with the Court but failed to obtain leave of Court in violation of well-established law.[2] Accordingly, the Court declines to consider the amended complaint, and view the original complaint in this matter as operative. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On February 18, 2025, Darr filed a motion to dismiss Gonzalez's complaint for failure to state a claim upon which relief can be granted.[3] On June 3, 2025, Jones filed a motion to dismiss Gonzalez's complaint for failure to state a claim upon which relief can be granted.[4] On June 16, 2025, Lewis and Lindsey, in their official compacities, moved to dismiss Gonzalez's complaint for failure to state a claim upon which relief can be granted.[5] Gonzalez did not respond

---

[1] *Plaintiff's Complaint*, Document No. 1 at 1–13.

[2] *See Plaintiff's Amended Complaint*, Document No. 23.

[3] *See Defendant Khadija Darr's Motion to Dismiss*, Document No. 16.

[4] *See Defendant Marquis Jones' Motion to Dismiss*, Document No. 41.

[5] *See Federal Defendants' Motion to Dismiss the Plaintiff's Amended Complaint*, Document No. 42.

2

to any of the motions to dismiss within the original response deadlines, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Darr, Jones, Lewis, and Lindsey move to dismiss Gonzalez's complaint, contending that Gonzalez fails to state a claim upon which relief can be granted. Gonzalez did not respond to any of the pending motions to dismiss, failing to rebut or offer evidence to counter any of the defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of Gonzalez's failure to respond to the motions to dismiss, the Court will consider the merits of each pending motion before the Court.

*A. Defendants Khadija Darr, Marquise Jones, Christina Lewis, and Ruth Lindsey's Motions to Dismiss*

Darr, Jones, Lewis, and Lindsey all contend that Gonzalez fails to adequately meet the pleading standard outlined in Federal Rule of Civil Procedure 8(a) by failing to articulate the specific tortious conduct attributable to any of the defendants in this matter. Gonzalez offers no rebuttal. The Fifth Circuit has made clear that "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't Hous. & Urban Dev.*, 554 F.3d 525, 528–29 (5th Cir. 2008). A review of Gonzalez's complaint reveals a failure to ascribe any alleged conduct in the complaint to any of the defendants named therein.

4

Furthermore, nowhere in Gonzalez's complaint exists an allegation of any wrongful or tortious conduct any of the named defendants in this matter specifically engaged in. Accordingly, having considered the motion, Gonzalez's complaint, and applicable law, the Court finds that Gonzalez has failed to state a claim upon which relief can be granted with respect to any of the defendants in this case, and further finds that Darr, Jones, Lewis, and Lindsey's pending motions to dismiss should be granted.[6]

### B. Defendant Cheryl Mongo

The Court now considers the last remaining defendant in this case, Cheryl Mongo. Nothing in the record indicates that Mongo has been served in compliance with the Federal Rules of Civil Procedure. If a defendant is not served within ninety days after the complaint is filed, the Court must: (1) dismiss the action without prejudice; or (2) order service be made within a specified time. Fed. R. Civ. P. 4(m). Having considered Gonzalez's failure to provide the Court with proof of service regarding Mongo by March 30, 2025, the Court finds that Gonzalez's claims against Mongo should be dismissed under Rule 4(m).

Even construing the complaint liberally, the Court finds that Gonzalez states no plausible claim upon which relief can be granted. Accordingly, the Court

---

[6] Considering the Court's finding that Gonzalez failed to adequately meet the pleading standard outlined in the Federal Rules of Civil Procedure, the Court declines to consider arguments related to improper service, administrative exhaustion, or sovereign immunity.

determines that the pending motions should be granted, and Gonzalez's claims against the defendants in this matter should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Khadija Darr's Motion to Dismiss (Document No. 16) is **GRANTED**. The Court further

**ORDERS** that Defendant Marquis Jones' Motion to Dismiss (Document No. 41) is **GRANTED**. The Court further

**ORDERS** that the Federal Defendants' Motion to Dismiss (Document No. 42) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Lillian Gonzalez's claims against each of the defendants in this matter are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __31__ day of July, 2025.

_____
DAVID HITTNER
United States District Judge